ROBERT J. ROSATI, No. 112006
robert@erisalg.com
6485 N. Palm Ave., Ste. 105
Fresno, California 93704
Telephone: 559-478-4119
Facsimile: 559-478-5939

Attorney for Plaintiff,
ADELINA LARIEAU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADELINA LARIEAU | Case No. 4:17-cv-7033 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff, ADELINA LARIEAU ("Plaintiff" or "Larieau") alleges as follows:

**JURISDICTION**

1.  Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

///

///

## VENUE

2. Venue is proper in the Northern District of California because Plaintiff was and is a resident of the City of Vallejo, in the County of Solano, California, when Defendant made the adverse determinations at issue regarding her long term disability ("LTD") benefits and denied her appeal of those adverse determinations . Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this Court. Intradistrict venue is proper in this Court's Oakland Division.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Aegis Therapies, Inc., long term disability plan ("The Plan") and thereby entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of Aegis Therapies, Inc., which established The Plan.

4. The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Defendant Unum Life Insurance Company of America, ("Unum"), issued Policy No. 532518 to Aegis Therapies, Inc. ("The Policy") under which benefits are provided by The Plan, was insurer and decision maker for The Plan, and is legally liable for providing the benefits sought herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Disability is defined in page 10 of The Policy as:

You are disabled when Unum determines that:

- you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury** and you are not working in any other occupation; or

- due to sickness or injury, you are unable to perform one or more of the material and substantial duties of your regular occupation; or you are unable to perform them for as long as you are normally required to perform them; and you have a 20% or more loss in your **indexed monthly earnings.**

After 12 months of payments, you are disabled when Unum determines that due to the same sickness of injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

7. The Policy states, in relevant part, that:

> "Unum will subtract from your gross disability payment the following deductible sources of income:"
>
> 1) "The amount that you receive or are entitled to receive under:
> - a workers' compensation law" (p. 12)
>
> *****
>
> "With the exception of retirement payments, Unum will only subtract deductible sources of income which are payable as a result of the same disability." (p. 14)

8. The Policy also defines "injury" on page 32 and "sickness" on page 34, and "gainful occupation" on page 32, as follows:

    A.    **Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Disability must begin while you are covered under the plan.

    B.    **Sickness** means an illness or disease. Disability must begin while you are covered under the plan.

    C.    **Gainful Occupation** means an occupation that is or can be expected to provide you with an income at least equal to 80% of your indexed monthly earnings.

9. Unum found Larieau to be disabled under the terms of The Policy, effective 2005, and granted LTD benefits.

10. The Policy, which reserves discretion to Unum, was terminated effective 2006, subject to Unum's obligation to continue paying LTD benefits to those disabled before The Policy terminated, including Larieau.

11. By letter dated January 23, 2013, Unum wrote to Larieau claiming it had made an overpayment on her claim. Unum based that assertion on Larieau receiving California workers' compensation permanent disability benefits that were effective in April 15, 2010 and being awarded a lump sum of $2000 on October 20, 2008. Unum's letter stated that it would begin reducing her lump sum on October 21, 2007, the day after she stopped receiving workers' compensation temporary disability benefits, through June 24, 2023, the maximum duration of

The Policy. The letter further stated that the LTD benefits Larieau previously received had not been reduced by her workers' compensation permanent disability benefits, which resulted in an overpayment of $31,600.64. Unum requested repayment of $22,778.16 and reduced Larieau's LTD benefit to $100 per month.

12.  In a section of the letter titled "Information about Your Policy" in its January 23, 2013 letter, Unum stated that "the policy required that any workers' compensation benefits you receive be subtracted from your basic monthly benefit." That was inaccurate. The Policy, on page 14, states "Unum will only subtract deductible sources of income which are payable as a result of the same disability." Unum's assertion of what income can be subtracted in its January 23, 2013 letter is contrary to what The Policy actually states. The letter, in addition, informed Larieau how to make payments, advised that Larieau may call Unum representatives if she had any questions, and enclosed a copy of Unum's recalculation her benefits. The letter, however, did not accurately reference The Policy provision that Larieau's California workers' compensation permanent disability benefits could be reduced, nor did Unum provide Larieau with a description of The Policy's review procedures or of her right to bring a civil action following a denial on review.

13.  Unum claims that in a letter dated February 22, 2013, it invited Larieau to contact Financial Services Representative, Amanda Harris, if Larieau disagreed with the January 23, 2013 letter and that Ms. Harris would then provide Larieau with information about the process to appeal if she still had questions. Larieau has no recollection or record of receiving said letter.

14.  By letter dated September 1, 2016, Unum informed Larieau that it would begin further reducing Larieau's LTD benefits by a subsequent net California workers' compensation settlement in the amount of $123,547 effective February 26, 2015 through June 24, 2023.  The net benefit would remain $100.00 with a monthly reduction of $1,235.88. Unum's determination was based on Larieau's net California workers' compensation settlement after it deducted attorney fees and expenses, a Medicare Set Aside, and Permanent Advances. Unum further advised Larieau that the overpayment balance on her claim had not changed and it would continue to recover the claimed overpayment. In the letter, Unum again incorrectly stated that

The Policy required that any workers' compensation benefits she received be subtracted from monthly LTD benefits. The letter did not make an accurate reference to any specific plan provision that California workers' compensation permanent disability benefits could be reduced. The letter did not provide a description of The Policy's review procedures, the time limits for such procedures, or a statement of Larieau's right to bring a civil action following a denial on review. The letter only provided that Larieau could "upload documentation or provide information to help us evaluate your claim and return to work efforts" through her online account. The letter further provided phone numbers for Larieau to call if she still had questions after reviewing her online account.

15. Unum does not claim that Larieau is not disabled, but claims that it may properly offset or subtract her California workers' compensation permanent disability benefits from her LTD benefits and therefore Larieau has been overpaid. This has resulted in Unum not paying past benefits and Larieau no longer receiving any benefit payments from Unum.

16. The plain meaning of The Policy is that Unum may only deduct income Larieau receives from the same "Disability".  Therefore, under The Policy, Unum may not subtract California workers' compensation permanent benefits Larieau received from her LTD benefits because such benefits were not paid for the same disability, although they were paid for the same sickness or injury, as those terms are defined in The Policy.

17. The definition of disability in The Policy does not refer to a medical determination, only. In the "any occupation" phase of a claim the definition of disability includes the inability to perform the duties of any gainful occupation. Thus, "disability" in The Policy is not merely conditioned on medical incapacity, but also conditioned upon lack of earnings. Unum is erroneously interpreting The Policy as if it may subtract other income payable for the same injury or sickness, instead of subtracting income Larieau received for the same disability, as that term is defined in The Policy.

18. Larieau's California workers' compensation permanent disability benefits were not paid for the <u>same disability</u> for which Unum pays LTD benefits, but only for the same injury or sickness, as those terms are defined by The Policy, so Unum's deductions/subtractions violate

1 | The Policy.

2 | 19. Under the laws of both California and Arkansas, where The Policy was issued, workers' compensation permanent disability benefits are not wage replacement benefits. Instead, workers' compensation permanent disability benefits are paid to compensate for permanent bodily impairment and are designed to indemnify the injured worker's impairment of future earning capacity or diminished ability to compete in the open labor market. Thus, under the law, an individual may receive California and Arkansas workers' compensation permanent disability without reference to suffering an economic loss - - i.e., without reference to loss of earnings.

20. However, to be "disabled" under the definition of disability in The Policy, one must suffer an injury or sickness <u>AND</u> have a loss of earnings. So, Larieau's California workers' compensation permanent disability benefits, by definition, are not payable for the <u>same disability</u> as her LTD benefits and therefore may not be subtracted by Unum.

21. By letter dated October 20, 2017, Larieau, through counsel, appealed Unum's claims of overpayment and deductions of her LTD benefits. The appeal included:

    A. Larieau's sworn declaration. Larieau's declaration explained that she did not fully understand the January 23, 2013 letter, and that when she called to get an understanding of it, the representative she spoke to told her that "that was the way things worked and asked when I would be making payments." She further explained that:

"From the time I received the 2013 letter until sometime in 2015, I called Unum approximately five to six times regarding the 'overpayment.' I wanted to get direct and clear answers on why I had an overpayment and how my deductions were being calculated.

"Each time I called Unum, I was told, basically, that 'there is nothing you can do. That's just the way things work.'

"At no point in time, in all my phone calls to Unum, was I ever informed

by any Unum representative that I had the right to appeal the decision.

"The 2016 letter of also did not inform me that I had the right to appeal the decision."

B. A 10-page appeal letter, written by Larieau's counsel. The appeal letter explained that: (1) Unum breached its fiduciary duties to Larieau by failing to tell her that she had the right to appeal these deductions; (2) Larieau's California permanent disability benefits were not paid for the <u>same disability</u> for which Unum has paid LTD benefits, so those deductions violated The Policy; and (3) under long-standing California law, workers' compensation permanent disability benefits offsets are impermissible.

22. By letter to Larieau's counsel dated November 15, 2017, Unum asserted that its decision to recover the overpayments was correct, that under The Policy it is allowed to offset Larieau's California workers' compensation permanent benefits and that it will continue to apply her LTD benefit to the overpayment due until the claimed overpayment is recovered in its entirety. Unum's letter further:

A. Asserted that the California workers' compensation permanent benefits Larieau received were paid for the same disability. Unum asserted that:

"The term 'same disability,' does not necessarily mean the same condition. The 'same disability' does not mean the same period in which your client has an inability to work (rather than simply because your client has a sickness which may or may not impact an ability to work).

"The condition does not relate to the incident leading to the payment of settlement proceeds and the condition needs to contribute in part to your client's period of disability.

"If workers' compensation pays benefits for the same period (in whole or

in part) that Unum is paying benefits, then benefits are being paid for the same disability"

"In your client's situation, the attending physician statement form dated March 30, 2006, your client's employee statement dated October 22, 2006, and both Unum and workers' compensation files reflect the same date of injury, October 15, 2014 [sic] and nature of injury. Based on this information, the workers' compensation offset is appropriate as it was for the same period and work related injury"

B. Acknowledged that it may be true that under California law, workers' compensation permanent benefits offsets are impermissible for California situs policies with an original effective date on or after November 1, 2005. "The policy under which your client is covered is governed in Arkansas, not California."

C. Disagreed that Larieau was not advised of her right to appeal, making reference to a February 22, 2013 letter in which Unum asserted that it informed Larieau that she may speak with Amanda Harris if she disagreed with the overpayment and would be provided information on the process of appeal if she still has question after speaking with Ms. Harris.

23. Unum's November 15, 2017 letter thus: (a) mischaracterized and misrepresented the terms of The Policy; (b) effectively attempts to rewrite relevant terms of The Policy in violation of The Policy and ERISA; contrary to Unum's apparent contentions, The Policy does not state that Unum may subtract workers' compensation benefits for "the same period (in whole or in part) that Unum is paying benefits" or that such workers' compensation benefits are being paid for the same disability; (c) does not accurately apply The Policy to the facts; and (d) misrepresented the significance of the letter it claimed it sent Larieau dated February 22, 2013.

24. Larieau has exhausted all administrative remedies required of her by The Policy and by ERISA.

## FIRST CLAIM FOR RELIEF

(For Declaratory Judgment That Unum May Not Rely Upon Any Claim That Larieau's Appeal or This Lawsuit is Untimely)

25. Plaintiff incorporates by reference paragraphs 1 through 24, of this Complaint.

26. ERISA Section 502(a)(3) allows a participant, beneficiary, or fiduciary to sue to enjoin any act or practice that violates any provision of Title I of ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or enforce any provisions of Title I of ERISA or the terms of the plan.

27. ERISA Section 503, 29 U.S.C. §1133 provides:

> "In accordance with regulations of the Secretary, every employee benefit plan shall–
>
> (1) provide adequate notice in writing to any participant, beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

28. Unum is required to provide claimants a full and fair review of her claim for benefits pursuant to 29 U.S.C. §1133 and its implementing Regulations. Specifically:

   A. The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. §1133. Those Regulations are set forth in 29 C.F.R. §2560.503-1 and provide, as relevant here, that employee benefit plans shall establish and maintain reasonable procedures governing the filing of benefit claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if, as applicable here:

        i.      Written notice is given regarding an adverse determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

29. The Claim Procedure on page 27 of The Policy provides that notice of adverse benefits determination under the plan will "describe plan procedures and time limits for appealing the determination, and your right to obtain information about those procedures and the right to sue in federal court" (Policy page 27.)

30. Neither Unum's January 23, 2013 letter, its representations about the content of the February 22, 2013 letter, nor its September 1, 2016 letter included notice of the requirements as set forth in The Policy on page 27. In violation of in 29 C.F.R. §2560.503-1, Unum did not 1) make accurate reference to specific plan provisions on which its determinations were based; 2) provide a description of The Policy's review procedures and the time limits applicable to such procedures, or 3) include a statement of Larieau's right to bring a civil action under section 502(a) of ERISA following a denial on review, in any correspondence to her.

31. Larieau does not have a record of receiving the February 22, 2013 letter Unum claimed it sent. But according to Unum's representation about the content of the February 22, 2013 letter, Unum did not provide Larieau information of an appeal process in that letter.

32. Unum breached its fiduciary duties to Larieau by failing to notify her of her rights to a review of Unum's overpayment determinations in its letters dated January 23, 2013 and September 1, 2016 or of the procedures she was to follow for such appeals.

33. By virtue of Unum's failure to inform Larieau of her appeal rights in its January 23, 2013 and September 1, 2016 letters, Defendant: (a) breached its fiduciary duties; and (b) waived and is estopped to assert any claim that Larieau did not timely appeal those adverse determinations, timely exhaust any administrative remedies she was obligated to exhaust, or timely file this action.

34. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of The Policy. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

35. Unum denied Plaintiff a full and fair review of her claim for benefits as follows:
    A. Unum unfairly, unreasonably or inaccurately determined that Plaintiff's California permanent disability award could be subtracted from her LTD benefits.
    B. Unum conducted no investigation of the nature of workers' compensation permanent disability benefits under neither California or Arkansas law prior to subtracted them.
    C. Unum's January 23, 2013 and the September 1, 2016 letters regarding its decisions to subtracted California workers' compensation permanent disability benefits did not include a description of The Policy's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section

1                 502(a) of ERISA following a denial on review.

2          D.      Unum failed to furnish to Plaintiff a meaningful explanation of its decision.

36. Plaintiff contends, and Defendant disputes, that Plaintiff's appeal and the suit for both January 23, 2013 and September 1, 2016 decisions is timely as a result of Defendant's failure to notify Plaintiff of her rights to appeal and bring suit as required by The Policy and 29 U.S.C. §1133, and that she timely exhausted all administrative remedies required to be exhausted by her under the terms of The Policy and ERISA and has timely filed this action.

37. Plaintiff desires a judicial determination that Defendant, by violating The Policy and 29 U.S.C. §1133, breached its fiduciary duties and thereby waived and is estopped to assert that Plaintiff failed to timely appeal the adverse determinations and timely exhaust her administrative remedies or that Plaintiff's action is barred by any contractual or statutory limitations.

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief That Unum May Not Subtract California Workers' Compensation Permanent Disability Benefits From Larieau's LTD Benefits)

38. Plaintiff incorporates by reference paragraphs 1 through 24 and 34 of this Complaint.

39. At all times mentioned herein Plaintiff was, and continues to be, totally disabled under The Policy's definition of totally disabled and therefore entitled to benefits under the terms of The Policy, which Defendant does not dispute.

40. Defendant's deduction of Plaintiff's California workers' compensation permanent disability benefits from her long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Policy.

41. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to whether Defendant had and has the right to deduct/subtract Larieau's California workers' compensation permanent benefits, as it did by letter dated January 23, 2013 and September 1, 2016.

42. Plaintiff contends, and Defendant disputes, that Unum's subtraction of Plaintiff's California workers' compensation permanent disability benefit from Plaintiff's LTD benefits is improper and in violation of The Policy and payments of her LTD benefits without said subtractions should be retroactively reinstated and prospectively paid under the terms of The Policy because Plaintiff contends, and Defendant disputes, that the deductions/subtractions violate The Policy.

43. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Defendant is obligated to pay Plaintiff past due benefits without the subtraction of California workers' compensation permanent disability benefits, with interest, and pay future monthly long-term disability benefits without the subtraction of California workers' compensation permanent disability benefits, under the terms of The Policy, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of The Policy.

44. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

WHEREFORE, Plaintiff prays judgment as follows:

1. For a declaratory judgment barring Defendant from asserting any claim that Plaintiff did not timely exhaust her administrative remedies or appeal her adverse determination, or that this lawsuit is untimely.

2. For a declaratory judgment requiring Defendant to pay long-term disability benefits under the terms of The Policy retroactively and prospectively to Plaintiff for the period to which she is entitled to such benefits until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of The Policy, that it may not deduct or subtract from those benefits any amount of California permanent workers' compensation benefits she has received, and that it pay to Plaintiff all such deducted or subtracted amounts, together with prejudgment interest.

3. For attorney's fees pursuant to statute.

4. For costs of suit incurred.

5. For such other and further relief as the Court deems just and proper.

Date: December 11, 2017

          */s/ Robert J. Rosati*
          ROBERT J. ROSATI, No. 112006

          Attorney for Plaintiff,
          ADELINA LARIEAU